UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
MAR 02 2023
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 5:23-CR-21-DCR-MAS

AUSTIN LEE GLADD

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 18 U.S.C. § 2251(a)

Beginning on or about May 7, 2022, and continuing through on or about July 7, 2022, in Boyle County, in the Eastern District of Kentucky, and elsewhere,

**AUSTIN LEE GLADD**

employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing, or transmitting live, visual depictions of that conduct, knowing and having reason to know that such visual depictions would be transported or transmitted in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, or that such visual depictions were produced or transmitted using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a).

## COUNT 2
### 18 U.S.C. § 2422(b)

Beginning on or about May 7, 2022, and continuing through on or about July 7, 2022, in Boyle County, in the Eastern District of Kentucky, and elsewhere,

### AUSTIN LEE GLADD

using a facility or means of interstate or foreign commerce, did knowingly persuade, induce, entice, and/or coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense—namely, use of a minor in a sexual performance in violation of KRS 531.310, distribution of obscene matter to minors in violation of KRS 531.030, rape in the third degree in violation of KRS 510.060(1)(a), transfer of obscene material to a minor in violation of 18 U.S.C. § 1470, and/or production of child pornography in violation of 18 U.S.C. § 2251(a), all in violation of 18 U.S.C. § 2422(b).

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 2253
### 18 U.S.C. § 2428

1. By virtue of the commission of the offense alleged in Count 1 of the Indictment, **AUSTIN LEE GLADD** shall forfeit to the United States any and all interest that he has in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violation of 18 U.S.C. §§ 2251; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violations of 18 U.S.C. § 2251; and any property, real or personal, used or intending to be used in the commission or

promotion of the violation of 18 U.S.C. § 2251 or traceable to such property. Any and all interest that **AUSTIN LEE GLADD** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

2. By virtue of the commission of the offense alleged in Count 2 of the Indictment, **AUSTIN LEE GLADD** shall forfeit to the United States any and all interest that he has in any property, real or personal, that was used to commit or to facilitate the commission of the violation of 18 U.S.C. § 2422(b); and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the violation of 18 U.S.C. 2422(b). Any and all interest that **AUSTIN LEE GLADD** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2428.

3. The property to be forfeited includes, but is not limited to, the following:

- Samsung S20 Ultra 5G cellular phone, black in color; and
- all software and peripherals which are contained on or associated with the listed cellular phone.

If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████

FOREPERSON

_____
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:**   Not less than 15 years nor more than 30 years imprisonment, $250,000 fine, and not less than 5 years nor more than a lifetime term of supervised release.

**COUNT 2:**   Not less than 10 years nor more than life imprisonment, $250,000 fine, and not less than 5 years nor more than lifetime supervised release.

**PLUS:**   Forfeiture of all listed property.

**PLUS:**   Mandatory special assessment of $100 per count.

Additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:**   Restitution, if applicable.