UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.  23-CR-021-DCR

UNITED STATES OF AMERICA                                   PLAINTIFF

V.                                    PLEA AGREEMENT

AUSTIN LEE GLADD                                           DEFENDANT

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The United States will dismiss the remaining count at the time of sentencing. The Defendant also agrees to forfeit the items in the Forfeiture Allegation.

2.  The essential elements of 18 U.S.C. § 2251(a) are:

(a)    The Defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

(b)    The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. As to the offense charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts. The Defendant acknowledges that the facts admitted under this paragraph are not all of the facts that the Government would prove at trial.

(a) Beginning on or about May 7, 2022, the Defendant began communicating via Snapchat with Victim 1—then a twelve-year-old female resident of Boyle County, Kentucky. Victim 1 initially told the Defendant that she was sixteen years old, after which she and the Defendant exchanged sexually explicit images and engaged in sexual conversation. Victim 1 eventually admitted to the Defendant that she was only twelve years old, after which the sexual discussions and requests for sexually explicit images by the Defendant continued. In fact, shortly after Victim 1 disclosed her age, the Defendant stated: "that's fine with me, okay; and honestly, if you still want to have sex with me, that doesn't bother me." He then said: "I will still have sex with you." The Defendant then proposed to Victim 1 that she sneak out that evening to have some "fun" with him. Victim 1 said that she could not meet him that evening but proposed meeting him at a park on a future date. The Defendant and Victim 1 continued to engage in sexual discussions thereafter. In these conversations, the Defendant described to Victim 1 another minor female, Victim 2, with whom he was having a relationship. The Defendant also sent Victim 1 a fully nude picture of Victim 2.

(b) On June 30, 2022, Victim 1 and the Defendant agreed to meet in Danville, Kentucky to engage in sexual activities. Before the meeting, the Defendant and Victim 1 engaged in the following conversation about recording the encounter:

| | |
|---|---|
| Defendant: | And I will be recording it |
| Victim 1: | No recording please… |
| Defendant: | Y not |
| Victim 1: | Cuz I'm scared |
| Defendant: | Don't b it will just b for me ok |
| Victim 1: | Ok… |
| Defendant: | It'll be the first time that I fuck someone purposely to get them pregnant so I want to be |

2

|            | able to relive it |
|------------|-------------------|
| Victim 1:  | Ok |
|            | I don't want to record it so please don't |
| Defendant: | Please it's the only time I can fuck u so please |
| Victim 1:  | No I'm sorry |
| Defendant: | Will you let me fuck u more if I don't |
| Victim 1:  | Ig |
|            | […] |
| Defendant: | And I do like recording first times but if you don't want me to its fine |
| Victim 1:  | Ok |
| Defendant: | And I told you before that I was going to record it though |
|            | Remember |
| Victim 1:  | Ya |
| Defendant: | And u said it was ok |
| Victim 1:  | Ya I changed my mind on that |
| Defendant: | Ok then |
|            | […] |
| Defendant: | Wish I could get another recording of u in The shower but since u can't help with gas can I make a request |
| Victim 1:  | I can't do that my phone's almost dead |
|            | But you can call and put yourself on you |
|            | Mute |
| Defendant: | Well can I make a request |
| Victim 1:  | Sure but it depends on what it is |
| Defendant: | Can I see both you and ****** in the shower and send me a recording of it on mega |
| Victim 1:  | Me and her are together right now and I don't think she's comfortable that and I deleted mega but you can call and watch me |
|            | Aren't |
| Defendant: | Well I am using a lot of money to come out there at your request tho but if you can't then ill get compensated some other way |
|            | And I cant access snap on my phone so yea im on Hotspot |
|            | So I cant call |
| Victim 1:  | Ok |
| Defendant: | That's y I want a recording of u both as payment for this |

Victim 1:     Okay you can record

(c) The Defendant recorded the resulting sexual encounter with his Samsung S20 Ultra 5G cellular phone. Law enforcement later recovered four videos of the encounter from the Defendant's phone, which show oral and vaginal sex. One video included a depiction of choking. The EXIF times stamps range from 1:58 AM to 2:58 AM on July 1, 2022.

(d) In April 2022, the Defendant also "sextorted" via Snapchat a minor female from Minnesota, Victim 3, threatening to publicize nude pictures of Victim 3 if she did not send him additional sexually explicit images and videos.

(e) The Defendant admits that on two or more occasions he knowingly used, persuaded, enticed, induced or coerced Victim 1, a twelve-year-old minor female, to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct and did so in the Eastern District of Kentucky. The Defendant admits that, at times, he used a computer or interactive computer service to persuade, entice, induce, coerce, or otherwise solicit the minor to engage in sexually explicit conduct while at her home in Boyle County, Kentucky, and that he knew or had reason to know that the sexually explicit visual depictions would be transmitted or transported by the minor via the internet, a means or facility of interstate commerce. The Defendant admits that he also captured sexually explicit visual depictions of himself and Victim 1 engaged in sexual intercourse in Boyle County, Kentucky, and that he knew or had reason to know that the depictions captured by him were produced using a cellphone manufactured outside of Kentucky that had traveled in interstate or foreign commerce prior to being used to produce the sexually explicit visual depictions in the Eastern District of Kentucky. The Defendant admits that one of the videos of him engaging in sexual intercourse with Victim 1 contained depictions of sadistic or masochistic conduct.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of

$5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A(a)(3), an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1). Also, mandatory restitution under 18 U.S.C. § 2259 may be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2021, Manual guideline calculations are listed below.

(b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(c) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved a sexual act or sexual contact.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the Defendant engaged in distribution.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(4), increase the offense level by 4 levels because the produced material portrays sadistic or masochistic conduct.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B), increase the offense level by 2 levels because the Defendant used a computer or interactive computer

service to persuade, induce, or entice the minor to engage in sexually explicit conduct or to otherwise solicit participation by a minor in such conduct.

(g) Pursuant to U.S.S.G. § 4B1.5(b), increase the offense level by 5 levels because the Defendant's offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i)   Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction, or any victim of the Defendant's relevant conduct—including sexually explicit images he produced, received, or possessed—pursuant to 18 U.S.C. §§ 2259, 3663 and/or 3663A.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8.   The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in any property that was used to commit or promote the commission of the offense, and will execute any documents necessary for this forfeiture. Specifically the Defendant will forfeit his interest

in the property listed in the forfeiture allegation of the indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property and the offense. The defendant waives the provisions of 32.2 pertaining to the timing of entry of forfeiture orders.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection

with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, information relating to intended foreign travel, or other relevant information. See 34 U.S.C. 20914(a) & (c). The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex

8

offender registration requirements.   The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13.   The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.   If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.  The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14.   If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15.   This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16.  This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17.  The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: _____     By: _____
                                Mary L. Melton
                                Assistant United States Attorney

Date: 4-18-23              _____
                                Austin Lee Gladd
                                Defendant

Date: 4/23/23              _____
                                Rachel Yavalek
                                Attorney for Defendant

10